___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:25-cv-08208-SRM-PD                                   Date: September 4, 2025
Title: M.T.M. v. Tonya Andrews, et al.

Present: **HONORABLE SERENA R. MURILLO, UNITED STATES DISTRICT JUDGE**

**PROCEEDINGS: (IN CHAMBERS) MINUTE ORDER: ORDER REGARDING HEARING ON NOTICE OF PETITIONER'S LOCATION [20]**

    On August 29, 2025, at approximately 8:23 p.m. PDT, this action was transferred to this Court from the Eastern District of California, Case No., 1:25-cv-01094-JLT-SKO. *See* Dkts. 15, 16. On August 30, 2025, at 12:11 p.m. PDT, the Court issued an order regarding Petitioner's Emergency Motion for Temporary Restraining Order, in which it ordered Respondents to, among other actions, inform the Court of Petitioner's location, and if no longer in this District, to provide documentation of Petitioner's location. Dkt. 19. In addition, the Court ordered that Petitioner was not to be removed from the United States nor transferred out of this District unless and until the Court ordered otherwise. *Id.*

    On August 31, 2025, Respondents filed a timely Notice Regarding Petitioner's Location, in which Respondents state that as of August 30, 2025, Petitioner was detained at the Alexandria Staging Facility in Alexandria, Louisiana. Dkt. 20. Respondents' Notice references the Declaration of Deportation Officer Charles Gallenkamp dated August 29, 2025, in which he declares that Petitioner was "booked out" of Golden State Annex in McFarland, California, at 12:15 a.m. on August 28, 2025, and transported by bus to Victorville, California, arriving at approximately 12 p.m. August 28, 2025. Dkts. 11 at 2; 20 at 2. According to Officer Gallenkamp, Petitioner then "boarded" a flight in Victorville, California at approximately 2:15 p.m. on August 28, 2025, for Florence, Arizona. Dkts. 11 at 2; 20 at 2. Then, Petitioner boarded a flight in Florence, Arizona, at 7:05 p.m. on August 28, 2025, for Alexandria, Louisiana, with a "scheduled arrival" in Alexandria at 12:05 a.m. on August 29, 2025. Dkts. 11 at 2; 20 at 2. As to Petitioner's location at the time of the Court's Order, which was issued August 30, 2025, directing Respondents to notify the Court of such, Respondents state that "Counsel for the Respondents understands that the Petitioner remained detained there as of August 30, 2025, and does not have further information at this time." Dkt. 20 at 2. Respondents also note that "[i]t is not entirely clear what the basis for the transfer was." *Id.* n.2.

    In light of the Notice, on September 1, 2025 the Court ordered the Parties to appear for a hearing September 2, 2025 at 2 p.m. on Zoom regarding Petitioner's Location, at which the

___

**CIVIL MINUTES – GENERAL**                                                                                          1

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-08208-SRM-PD                                                              Date: September 4, 2025
Title: M.T.M. v. Tonya Andrews, et al.

---

Court heard argument of counsel and made certain findings and oral rulings, which are incorporated herein. *See* Dkts. 21, 25.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), federal courts are empowered "to issue all writs necessary or appropriate in aid of their respective jurisdictions." *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966) (internal quotation marks and citations omitted). As a threshold matter, the Court must initially address the issue of jurisdiction.

As viewed by the United States Supreme Court, "the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue." *See Rumsfeld v. Padilla*, 542 U.S. 426, 451 (2004) (Kennedy, J., concurring). In general, "[f]or core habeas petitions, jurisdiction lies in only one district: the district of confinement." *Id.* at 443 ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody." (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885))). As applied, these are known as the "immediate custodian" and "district of confinement" rules. *See Doe v. Garland*, 109 F.4th 1183, 1193 (9th Cir. 2024). Of note, the *Padilla* court expressly declined to resolve "whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation." *See Padilla*, 542 U.S. at 435 n.8. In limited circumstances, however, such as when a petitioner is being "held in an undisclosed location by an unknown custodian," it is enough for a petitioner to name a more remote custodian like that of the Secretary of Homeland Security. *See Ozturk v. Hyde*, 136 F.4th 382, 392 (2d Cir. 2025) (quoting *Demjanjuk v. Meese*, 784 F.2d 1114, 1116 (D.C. Cir. 1986)). A subsequent transfer of a petitioner does not deprive a district court of jurisdiction established at the time of filing. *See Padilla*, 542 U.S. at 440 (citing *Ex parte Endo*, 323 U.S. 283, 306 (1944)).

Here, discrepancies exist as to the timeline of Petitioner's location as relevant to the time and place of the filing of the Petition and Motion for Temporary Restraining Order. *See* Dkts. 1, 2, 9, 11-14, 20. Before the Court examines Petitioner's location at the time of the filing of this action, it must resolve the matter of when the Petition and motion for a TRO was filed with the Eastern District Court. *See* Dkts. 1, 2, 9, 12, 13.

A nationwide technical issue prevented counsel's initial attempts to e-file the Petition and Motion for TRO with the Eastern District of California on August 28, 2028, of which the Deputy Clerk of the Eastern District notified the Court upon transfer of this action. *See, e.g.*, Dkts. 9, 13. Petitioner contends that the Court should consider the time of filing to be 12:58 p.m. PDT on August 28, 2025, as this is when Respondents were provided with full copies of

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-08208-SRM-PD | Date: September 4, 2025 |
| Title: M.T.M. v. Tonya Andrews, et al. | |

___

the habeas petition and emergency motion for temporary restraining order. *See* Dkts. 9; 13 at 4. The record reflects Respondents received notice of the Petition and motion for TRO at this time. *See* Dkt. 9 at 5-6.

In support, Petitioner points to the Eastern District's Local Rule 134 that contemplates deeming a filing timely "subject to a technical failure." Dkt. 13. Petitioner also argues counsel demonstrated considerable diligence in repeatedly attempting to e-file, in various ways, around 12:58 p.m. PDT and asked the helpdesk for assistance by phone and email. *Id.* When asked if an alternative method of filing would be accepted by the court due to the emergency nature of Petitioner's filing, Petitioner asserts that the helpdesk clerk with the Eastern District referenced its Local Rule 134, indicating that filings would be considered timely in the event of a technical outage. *Id.* A helpdesk clerk subsequently confirmed to Petitioner's counsel of a nationwide technical issue with the e-filing portal. *Id.* Ultimately, Petitioner was able to e-file the Petition and motion for TRO at 3:11 p.m. on August 28, 2025 by way of submissions to an emergency filing email address with the assistance of the clerk in the Eastern District. Dkt. 9 at 6. This is reflected on the docket as the Petition and motion for TRO having been filed at 3:47 p.m. PDT. *See* Dkts 1, 2, 9, 13. Another indication of the construed "official" time of filing is that the Eastern District Judge previously assigned to this case seems to have considered the time of filing of the Petition and motion for TRO as 12:58 p.m. and used that time as a marker in its minute order transferring the action to this District. *See* Dkt. 14.

Upon consideration of the record before the Court and having heard argument of counsel and for the reasons stated on the record at the hearing, the Court deems the Petition and emergency motion for TRO as having been filed at 12:58 p.m. PDT on August 28, 2025.

Now that the time of filing has been determined, the next component is Petitioner's location, or rather, district of confinement, at the time of the filing on August 28, 2025. As discussed, discrepancies exist in the timeline of Petitioner's transport from the Golden State Annex in McFarland, California, to the Alexandria Staging Facility in Louisiana. *See, e.g.*, Dkts. 9, 10, 11, 13, 20. Respondents rely on the Declaration of Officer Gallenkamp to support that Petitioner arrived at approximately 12 p.m. August 28, 2025 in Victorville, California. Dkts. 11 at 2, 20 at 2. According to Officer Gallenkamp, Petitioner then "boarded" a flight in Victorville, California at approximately 2:15 p.m. on August 28, 2025, to Florence, Arizona. Dkt. 11 at 2. A discrepancy in Respondents' status report of August 29, 2025, reports Petitioner as arriving at approximately 12 p.m. on August 28, 2025 in Victorville, California, and then

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-08208-SRM-PD                                                          Date: September 4, 2025
Title: M.T.M. v. Tonya Andrews, et al.

having been flown to Alexandria, Louisiana. Dkt. 10. In contrast, Petitioner's counsel provides a kaleidoscope view through the eyes of Petitioner, who through an interpreter, shared his observations of where he was and when during this transfer to counsel when permitted during the transfer to speak with counsel. *See, e.g.*, Dkts. 9, 13. Petitioner's counsel also provides a timeline of Petitioner's location based on communications with Respondents. *See* Dkts. 9 at 4-7; 13 at 5-6. As relevant here, Petitioner's chronology provides that Petitioner was placed on a bus in Bakersfield, California at approximately 11 a.m. PT on August 28, 2025, an after an approximate four-hour bus ride, arrived at an airport in Victorville, California at approximately 3 p.m. PT on August 28, 2025. *See* Dkt. 9 at 4. Sometime between 3:30 p.m. PT and 4 p.m. PT on August 28, 2025, Petitioner was placed on a plane, which flight lasted approximately 45 minutes. *Id.* at 4-5. Petitioner believed the flight landed at approximately 5 p.m. PT on August 28, 2025 in Southern California, based on what Petitioner saw and heard. *Id.* at 5. For clarity of the record, Victorville, California is located within San Bernardino County, which is a part of the Central District of California.[1] *See Jurisdiction*, United States District Court, Central District of California, *available at* https://www.cacd.uscourts.gov/jurors/jurisdiction.

     Upon consideration, the Court concludes that the information available and as presented to the Court supports that Petitioner was located, or rather confined, in Victorville, California, in the Central District of California, at the time of the filing of Petitioner's Habeas Petition and Motion for Temporary Restraining Order. Jurisdiction thus satisfied, the Court, therefore, having considered argument of counsel, the record before the Court, the above, and for the reasons stated on the record at the hearing and according to the Court's authority under the All Writs Act to issue all writs necessary or appropriate in aid of their respective jurisdictions, **ORDERS** as follows:

     Respondents shall not remove Petitioner from the United States and shall return Petitioner to a detention facility in the Central District or Eastern District of California **no later than 12:00 p.m. noon Pacific Time Thursday, September 4, 2025**, and Respondents shall not thereafter remove Petitioner from the Central District of California and Respondents shall produce Petitioner to appear for the hearing scheduled before this Court on **Friday, September 5, 2025 at 1:00 p.m.** on Zoom.

---

[1] The Court takes judicial notice of the county and district in which Victorville, California, is located. *See, e.g.*, *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 978 n.2 (9th Cir. 2007).