UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-08208-SRM-PD | Date | September 24, 2025 |
|---|---|---|---|
| Title | M.T.M. v. Andrews, et al. | | |

PRESENT: **HONORABLE SERENA R. MURILLO, UNITED STATES DISTRICT JUDGE**

| Gabriela Garcia | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PETITIONER:   ATTORNEY PRESENT FOR RESPONDENTS:

None Present                                                 None Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER ENTERING PRELIMINARY INJUNCTION AS TO RESPONDENTS TONYA ANDREWS, MOISES BECERRA, KRISTI NOEM, PAM BONDI**

---

On September 11, 2025, the Court issued a Temporary Restraining Order and Order to Show Cause as to why a preliminary injunction should not issue.[1] Dkt. 34. On September 17, 2025, Petitioner filed a Supplement in Support of Motion for Preliminary Injunction. Dkt. 35. On September 19, 2025, Respondents filed a Response to Order to Show Cause Re: Preliminary Injunction. Dkt. 36. On September 22, 2025, Petitioner filed a Reply in Support of Motion for Preliminary Injunction. Dkt. 37. Respondents did not offer additional arguments opposing a preliminary injunction beyond those advanced in opposition to the TRO, with the exception of an assertion that any injunctive relief should be coordinated with the *D.V.D. v. DHS*, 778 F. Supp. 3d 355 (D. Mass. Apr. 18, 2025), non-opt out class action of which Respondents allege Petitioner appears to be a member. *See* Dkt. 36 at 6.

As relevant here, the *D.V.D.* case involves noncitizens with final removal orders who filed a putative class action for injunctive relief against the Department of Homeland Security ("DHS") and others for due process violations related to removal to a third country without notice and an opportunity to apply for protection from removal to that country. *See D.V.D. v. DHS*, 778 F. Supp. 3d 355, 368-70 (D. Mass Apr. 18, 2025). Ultimately, the District Court in *D.V.D.* granted class certification and a preliminary injunction enjoining the Government from removing any noncitizen to a

---

[1] The Honorable Michelle Williams Court heard the Motion for Temporary Restraining Order at which counsel for the parties appeared by Zoom and thereafter issued the Order Granting Petitioner's Emergency Motion for Temporary Restraining Order. *See* Dkts. 34, 35. This Court is fully apprised of the record and briefings before it in issuing this Order.

country not explicitly provided for on the noncitizen's order of removal without following certain procedures designed to enable the noncitizen to seek relief under the Convention Against Torture (CAT) Treaty. *See DHS v. D.V.D.*, 145 S. Ct. 2627, 2629, 2630-31 (2025). The Government appealed. *See id.* While the appeal was pending, plaintiffs filed a motion for TRO, which the district court construed as a motion for clarification, concluding that the government had violated the preliminary injunction by failing to provide the six class members a meaningful opportunity to assert CAT claims before removal and then issued an order on remedy for the violations of the preliminary injunction. *See id.* The government then sought a stay, which the U.S. Supreme Court granted, staying the preliminary injunction pending disposition of the Government's appeal to the First Circuit and disposition of any petition for writ of certiorari. *See DHS v. D.V.D.*, 145 S. Ct. 2153 (2025) (Mem.).

Respondents acknowledge this issue cannot be resolved here but argue any preliminary injunctive relief issued in this proceeding should be coordinated and delimited so that it does not potentially conflict with rulings issued by the First Circuit or U.S. Supreme Court. *See* Dkt. 36 at 6. In Reply, Petitioner counters that he "seeks individualized relief on the basis of looming irreparable harm and offers his unique factual circumstances in support." Dkt. 37 at 3 (citing Dkt. 35 at 2-5). Because of this and the reasons brought in the Reply, Petitioner contends that "the pending *D.V.D.* class action provides no basis to limit [Petitioner]'s relatively uncontested" preliminary injunctive relief. *See id.*

Upon consideration, the Court deems it presumptive to coordinate and delimit any preliminary injunctive relief at this stage based on a prospective ruling in the *D.V.D.* case, notwithstanding that Respondents fail to provide how it applies to this Court's determination of the preliminary injunction matter in the instant action. Further, as discussed in the Court's TRO, other courts in this Circuit have granted similar injunctive relief. *See Vaskanyan v. Janecka*, No. 5:25-cv-01475-MRA-AS, 2025 WL 2014208 (C.D. Cal. June 25, 2025); *Nadari v. Bondi*, No. 2:25-CV-07893-JLS-BFM, Dkts. 9, 12 (C.D. Cal Sep. 3, 2025).

The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve a "substantially identical" analysis); *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted). In issuing the TRO, the Court found Petitioner had made a sufficient showing under each of the *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) factors as regards Petitioner's removal to a third country without any meaningful opportunity to assert a fear-based claim for withholding of removal. *See* Dkt. 34. Upon review, the Court likewise declines to stray from its prior analysis and therefore incorporates that analysis herein. Thus, the Court preliminarily **ENJOINS** Respondents from removing Petitioner to a third country without any meaningful opportunity to assert a fear-based claim for withholding of removal.

Accordingly, the Court **ORDERS** as follows:

1. Respondents, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Respondents shall not remove Petitioner to a third country, *i.e.*, a country other than the countries designated as the countries of removal in Petitioner's final order

of removal, without written notice to both Petitioner and Petitioner's counsel in a language the Petitioner can understand. Following notice, Petitioner must be given a meaningful opportunity, and **a minimum of ten (10) days** to raise a fear-based claim for protection under the Convention Against Torture prior to removal. If Petitioner demonstrates "reasonable fear" of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings. If Petitioner is not found to have demonstrated a "reasonable fear" of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of **fifteen (15) days**, for Petitioner to seek reopening of his immigration proceedings.

2.  This Preliminary Injunction shall take effect immediately and shall remain in effect pending resolution of the merits of this case or further order of this Court.

3.  The Court exercises its discretion to waive the requirement to post a bond.

   **IT IS SO ORDERED**.

                                                    -       :    -

                                         Initials of Deputy Clerk    gga

cc: